THOMSON, et al. *v.* FIRST NATIONAL BANK OF JACKSON, et al.

Division A.  Dec. 3, 1951.

No. 38124 (55 So. (2d) 422)

Green, Green & Cheney, for appellants.

694

Flowers, Brown & Burns, and Milton H. Mitchell, for appellees.

**Ethridge, C.**

Appellants, beneficiaries under a testamentary trust, assign as errors the interpretation by the chancery court

of the period of duration of the trust, and the failure of that court to give the trustee certain instructions to be followed in the administration of the trust estate.

Mrs. Mathilde Lacey Yates, a widow 61 years of age, and a resident of Jackson, Mississippi, died on December 28, 1948, leaving a last will and testament dated August 21, 1947, and written wholly in her own handwriting as follows:

"August 21 — 1947

"I, Mathilde Lacey Yates, being of sound mind do here make my last will and testament.

"To Lacey Hicks Thomson, my niece, and her three children (Lacey, Betty, and Bob Thomson) I leave my entire estate with the exceptions of the four following bequests:

"(To Lula Morgan I bequeath $1000 in cash.

"(To Carolyn Hogan Sheppard I leave $100 in cash.

"(To Lottie Carter I leave $100 in cash.

"(To Betsy Watson I leave $100 in cash.

"My inheritance tax shall be paid out of the $10,000 in E. Bonds in bank box.

"I owe Marguerite Hill $8500. This note is to be paid out of any money left of E. Bonds after inheritance tax is paid and the sale of just enough Capital National Bank in Jackson stock to complete payment of this $8500.

"I appoint the Capital National Bank in Jackson, Miss., as executor of my estate for ten years and then Lacey Hicks Thomson may assume the management of same—

"I should like the income paid to Lacey Hicks Thomson *monthly* for hers and the childrens' maintenance—

"In case of serious sickness or urgent repairs to property, money should be available thru sale of enough Captal National Bank stock to cover same—

"Stocks, leases, jewelry, insurance policies are all in Box III.

"Lacey Hicks Thomson must agree to any sale of any part of the estate.

Mathilde Lacey Yates.

"The three diamond rings are Lacey Hicks Thomson's—

"Ernestine Allen, Wit.
"Anne Nichols, Wit."

The estate was large. It consisted in part of a one-half interest in a plantation in Yazoo County, a laundry building in Laurel, both of which were under lease, other real estate, including a residence in Jackson, and a considerable amount of stocks and bonds. The will was probated in solemn form in the Chancery Court of the First Judicial District of Hinds County, and appellee, First National Bank of Jackson, qualified as executor. Mrs. Thomson, an appellant, was the daughter of testatrix' sister and the only heir of testatrix, and the evidence showed that testatrix had a deep affection for Mrs. Thomson and her three children, the other appellants, whose ages were 15, 13, and 11 years at the time of the death of Mrs. Yates. Mrs. Thomson and the father of her children are divorced, he has remarried, and makes no contribution to their support.

In April, 1949, Mrs. Thomson and her three children, devisees and legatees under the above will, and beneficiaries of the trust created by it, filed a bill of complaint in the Chancery Court of the First Judicial District of Hinds County, naming as defendants the First National Bank of Jackson and T. M. Salisbury. The bill averred the facts outlined above; that there were certain, definite, and immediate problems as to the management of the trust property; that the residence in Jackson could be sold to Salisbury at a favorable price; that the will was ambiguous and of doubtful import; that the complainants as beneficiaries each received under the will a one-fourth interest as tenants in common; that the will contained no directions for the investment of the corpus of the estate by the trustee; and that Mrs. Thomson consented to the

sale of the residence to Salisbury. The bill prayed that the court take jurisdiction as to the construction of the will, that it determine the nature of the title of complainants, how long the trust shall continue, the responsibilities of the executor-trustee under the instrument, and that the court authorize the sale to Salisbury. The bank filed an answer substantially admitting the averments of the complaint and joined in the prayer of the bill. Some testimony was heard, the substance of which was that the sale price to Salisbury of the residence in Jackson, was reasonable, that Mrs. Thomson had no business experience in the management of an estate of this size, that the witnesses, Mrs. Thomson and friends and business acquaintances of testatrix, knew that she intended for the bank to manage the estate and pay the net income to Mrs. Thomson for herself and her children.

The final decree of the chancery court provided in part as follows: "* * * that said instrument, being the last will and testament of Mathilde Lacey Yates, deceased, dated August 21, 1947, and duly probated in this cause, is sufficiently clear in its language and intent in the light of the evidence before the Court to establish an active workable and enforceable trust with the First National Bank of Jackson, Jackson, Mississippi, as Executor-Trustee, for a period of ten years from and after the date of the death of said testatrix on December 28, 1948.

"The Court further finds, and so decrees, that the said will vests ample power and authority to sell and dispose of the properties, real and personal, in the estate and to make timely and proper investment and reinvestment of the funds of the estate subject to the proper orders of this Court in respect to all these matters.

"The said Executor-Trustee is therefore directed to take over said estate as provided in said will, and to administer the same as an active trust in accordance with its terms as hereinabove indicated and construed, and in due course under the decretal orders of this Court."

The decree further authorized the sale of the property to Salisbury and directed that a report be made back to the court for its confirmation at the next regular term. This was done.

Appellants devote considerable space in their brief to arguing the proposition that the will created an active, precatory trust, with the First National Bank of Jackson as trustee. Since the decree appealed from properly so held, and appellees agree, this is not an issue on this appeal. Appellants say that the chancery court erroneously failed to adjudicate that the will vested the property of the estate, not otherwise specifically bequeathed, in Mrs. Thomson and her three children as tenants in common in equal parts, subject of course to the trust, but we think this construction is a necessary and proper implication from the terms of the decree of the chancery court, and is a correct interpretation of the terms of the will.

Appellants also argue that the court below erred in merely establishing the duration of the trust as a period of ten years from the date of the death of Mrs. Yates. Appellants admit that the will created a ten-year trust with the bank as trustee, and further argue that it created a trust for the life of the beneficiaries after the ten years, with an option in Mrs. Thomson to assume the trusteeship after that time. ██ ██ However, the will contains no terms indicating an intent to create a trust for the life of the beneficiaries. On the contrary we think that the manifest intent of testatrix was to create a trust for ten years only, with appellants as beneficiaries and the bank as trustee, and that after that time the entire estate, including both the equitable and legal titles, vested in Mrs. Thomson and her three children as tenants in common, each owning a one-fourth interest. Moreover, this is a fair construction of the decree below. It is relevant to observe that at that time the youngest of the three children will have reached his majority.

Appellants also say that the chancery court erred in not instructing the trustee in more detail with reference to various powers and obligations which the trustee might need and have in the future in managing the estate. For example, appellants state that the trial court erroneously failed to determine the powers of the trustee to execute ordinary leases and leases for oil and gas purposes, to sell and retain securities belonging to the estate, to pay to the trustee reasonable compensation for its services, to collect the income from the property and either to pay the net or gross income to the beneficiaries, to pay the necessary expenses, to pay taxes, and to make the trust estate productive. The brief of appellee, First National Bank, contends that there was no present necessity for a determination of these questions and that, therefore, the trial court correctly omitted adjudicating as to them. We think that this position is correct. ■■ ■ With reference to the power of Mrs. Thomson to consent to any sale made of any part of the trust estate, that power is clearly defined in the will, and where that fact exists, the courts refuse to give any instructions as to its exercise. 2 Scott, Trusts (1939) Sec. 259.

As to the other requested items of instruction, it should be noted that appellants' assignments of error are not directed toward alleged errors in erroneously deciding an issue, but in failing to determine an issue which appellants contend should have been decided. There was a present necessity for determining whether there was an active trust, its duration, how the estate was vested in appellants, and whether the trustee could sell the Jackson residence to Salisbury. ■■ ■ The chancery court decided these issues, but there was no present necessity for deciding the others which all concern general powers and duties of the trustee. Both the beneficiaries and the trustee had joined in the prayer for such instructions, but it is manifest that the court was not advised of any present necessity for determination of these questions, upon which it made no ruling

whatever. Moreover, the effect of the decree was to place the administration of the trust estate under the continuing supervision of the court, or, as the decree says, "subject to the proper orders of this Court in respect to all these matters." Torian v. Sanders, 1936, 178 Miss. 18, 172 So. 142. Appellants argue that a present necessity was shown by the evidence as to the financial needs of the beneficiaries, and the size and complexity of the estate. But a proper exercise of the judicial function requires a more present, immediate relevancy of these considerations to a particular problem and need in the administration of the trust, than is indicated in this record. As each particular issue arises the trustee should submit it to the chancery court, whose decree as quoted manifestly contemplated that problems arising in the future would be submitted to it in the administration of the estate. The usual rule is stated in 54 Am. Jur., Trusts, Sec. 282, p. 223, as follows: "One of the principal requisites of a bill for instructions is the fiduciary possesson of a fund of which some disposition is required to be made presently. ▮▮ A trustee should not request or be granted instructions by the court, as a rule, as to his duty upon the happening of future events or contingencies, or affecting the rights of persons not in being, and unnecessary to be decided for the present guidance of the trustee.'

To the same effect are 3 Bogert, Trusts and Trustees, (1935), Part I, Sec. 559; 2 Scott, Trusts, Sec. 259; Moore v. Emery, 1941, 137 Me. 259, 18 A. (2d) 781; Young v. Jackson, 1947, 321 Mass. 1, 71 N. E. (2d) 386.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court and for the reasons therein indicated, the judgment of the court below is affirmed.